AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

Five cellular devices currently in the custody of MPD; see Attachment A

)
)
)   Case No. 19-912 M(NJ)
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Five cellular devices currently in the custody of MPD; see Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent Frank Rutter, ATF
_____
Printed Name and Title

Sworn to before me and signed in my presence:

Date: August 27, 2019

_____
Judge's signature

City and State: Milwaukee, Wisconsin

Nancy Joseph, U.S. Magistrate Judge
Printed Name and Title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Frank Rutter, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, five cellphones, and the extraction of evidence described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since 2015. As an ATF Agent, I have participated in numerous investigations involving violations of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to possess with the intent to distribute and distributing a controlled substance). I have also conducted firearm investigations involving violations of 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" as well as investigations related to the unlawful use of firearms and firearms trafficking. I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession and trafficking in controlled substances; I have participated in the execution of search warrants in which firearms and controlled substances were seized; and I am familiar with the street name(s) of firearms, controlled substances and respective related topics.

3. This affidavit is made in support of an application for a warrant to search five (5) cellphones, further described in Attachment A, which were recovered by the Milwaukee Police Department (MPD) on September 12, 2017, and subsequently

inventoried under MPD inventory 17035263. The search will be for evidence and instrumentalities associated with violations of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to possess with the intent to distribute and distributing a controlled substance) and 18 U.S.C. § 922 (a)(6), lying and buying.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF PROPERTY TO BE SEARCHED

5. The property to be searched is five (5) cellphones listed under MPD inventory 17035263, Items 2-6. The aforementioned property can be described further as: Grey Samsung smartphone bearing serial number A3LSMJ327P (MPD Item 2), Grey Samsung cellular phone bearing serial number 707VTKE088197 (MPD Item 3), Grey LG cellular phone bearing serial number 707VTKE413229 (MPD Item 4), Black Kyocera flip cellular phone bearing serial number V65E4520 (MPD Item 5) and a Grey Samsung smartphone bearing serial number A3LSCHU680 (MPD Item 6).

6. The applied-for warrant would authorize the search and recovery of evidence particularly described in Attachment B.

2

## PROBABLE CAUSE

7. On September 12, 2017, Milwaukee Police Department (MPD) Squad 7467 observed a red Infiniti sport utility vehicle (SUV) traveling east on W. Capitol Drive in Milwaukee, Wisconsin, which is located in the Eastern District of Wisconsin. The vehicle was operating without registration. The MPD squad activated their emergency lights, initiated a traffic stop and subsequently encountered four (4) occupants, Trayshaun D. Wallace (1991), Lamon D. Davis (1988), Sandra F. Fitzgerald (1994) and Deborah J. Williams (1992). While initiating the traffic stop, officers observed the rear passenger-side passenger, Fitzgerald, make exaggerated movements into the trunk compartment of the vehicle. Officers believed Fitzgerald was attempting to conceal something in the trunk of the vehicle through a rear seat access port. Upon officers initial approach to the vehicle, they observed multiple clear plastic sandwich bags throughout the front compartment of the vehicle and a digital scale in the center console. After the driver, Wallace, and the front passenger, Davis, were removed from the vehicle, officers observed Fitzgerald lean towards the front passenger seat and grab a clear plastic bag which held additional smaller clear plastic bags inside.

8. Officers subsequently conducted a search of the vehicle and located 21.3 grams of heroin, 8.29 grams of cocaine, 1.02 grams of methamphetamines, 1.57 grams of marijuana, approximately $2,161.00 in United States currency, and a Smith & Wesson MP40 Compact handgun bearing serial number DVE2662. It should be noted the

3

handgun was located inside the trunk of the vehicle and found with a round of ammunition chambered and a loaded magazine inserted.

9. Additionally, officers located five (5) cellphones in the front area of the vehicle, further described as: Grey Samsung smartphone bearing serial number A3LSMJ327P (MPD Item 2), Grey Samsung cellular phone bearing serial number 707VTKE088197 (MPD Item 3), Grey LG cellular phone bearing serial number 707VTKE413229 (MPD Item 4), Black Kyocera flip cellular phone bearing serial number V65E4520 (MPD Item 5) and a Grey Samsung smartphone bearing serial number A3LSCHU680 (MPD Item 6).

10. Affiant is aware that plastic corner cut bags containing narcotics, large quantities of United States currency, and multiple cellphones is consistent with street-level narcotics distribution.

11. Affiant is aware that those engaged in the illegal sale and distribution of narcotics commonly possess firearms as a means to protect their narcotics and proceeds thereof.

12. Affiant is aware Wallace is a previously convicted felon under Milwaukee County case 2012CF000632 – Possession of THC (2nd+ Offense). Affiant is aware Davis is a previously convicted felon under Milwaukee County case 2010CF000761 – Felon in Possession of a Firearm and 1st Degree Recklessly Endangering Safety. Additionally, affiant knows that as a result of the above felony convictions, Wallace and Davis are prohibited from possessing firearms and they should be aware of that prohibition.

4

13. Affiant's investigation revealed that on November 23, 2016, Christopher Carter (1985) purchased the Smith & Wesson MP40 Compact handgun bearing serial number DVE2662 (recovered in the incident described above on September 12, 2017). Affiant further discovered an additional five (5) firearms that were purchased by Carter between 2010 and 2018 were recovered by law enforcement investigating criminal activity. Carter is a not a licensed firearms dealer.

14. On August 15, 2019, Affiant reviewed various ATF Form 4473s which documented firearms purchased by Carter. ATF Form 4473 is a firearm purchase record required by federal law to be completed when a Federal Firearm Licensee (FFL) sells/transfers a firearm to anyone other than another FFL. This document must be completed by the purchaser in the presence of the FFL from whom they are purchasing the firearm. This document contains a wealth of information including, but not limited to, the purchaser's name, address, and a signed statement affirming they understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. Additionally, this document requires the purchaser to attest they are the actual purchaser of the firearm and are not acquiring the firearm on behalf of someone else. Affiant is aware Carter purchased at least thirty three (33) firearms between December 13, 2010 and August 16, 2019. Many of these firearms were of the same make and model, which is not indicative of someone purchasing firearms for their private collection. Additionally, the firearms purchased were new, low cost models not considered to be antique or collectible

5

firearms. For example, on the below dates, Carter purchased Ruger model P95 pistols which affiant is aware are low cost models and are not considered to be collectible.

15. Affiant is aware that evidence of street-level narcotics distribution and illegal firearm purchase, possession, and/or sales is commonly found within cellphones. Affiant is aware that narcotics traffickers often take, or cause to be taken, photographs, video, and other visual depictions of themselves, their associates, firearms straw purchasers, their property, and their narcotics, and typically keep and maintain these photographs, video, and other visual depictions in cellphones located on their person or in areas where they have exercised dominion and control.

16. Affiant knows that subjects involved in crimes with other subjects often need to use the cellphones to coordinate the crime. Affiant knows that subjects who trafficked narcotics and illegally possess firearms often use their cellphones to take pictures of the narcotics and firearms and also to take pictures of themselves with the narcotics and firearms. Affiant is aware those who are prohibited from legally purchasing/possessing firearms must obtain firearms through other means, often times through a straw purchaser. A straw purchase can be described as the event where someone who can legally purchase/possess a firearm purchases a firearm on behalf of someone else. This is done in an effort to conceal the true identity of the intended recipient. Affiant is aware this is a commonly utilized technique by those previously convicted of felonies who seek to obtain firearms.

17. Affiant is aware that cellphones can be used to store information including text messages, multimedia messages, and a history of incoming and outgoing calls, contact/address book information, photographs, video and other data.

18. Similarly, affiant is aware that many cellphones contain a list of contacts and associate names, and cellphone numbers and other identifying information. Affiant asks that this information be included in the search warrant, as it will assist in identifying the user/owner of the cellphone, individuals with whom the user had contact, and may provide evidence of the source of any guns involved in this investigation or the source/s of the narcotics involved.

19. Affiant is also requesting an authorized search of cellphone devices to include all removable drives, cards, memory devices or similar devices attached to or contained within said cellphone. Affiant is aware that cellphones frequently contain SD cards or other removable memory/storage devices upon which data, including photographs, videos, and other information, may be stored.

20. Affiant is aware that many cellphones capture or otherwise store GPS location tracking/logging files, may provide additional evidence as to the targets travels and may provide evidence as to the location where the alleged illegal actions occurred. Similarly, said information may assist law enforcement with locating and identifying other subjects with whom the target was involved in related to narcotics trafficking, including by identifying the place or places where said illegal possession of firearms and/or narcotics may have occurred.

7

21. Affiant's investigation into Christopher Carter's straw purchasing and the Septmeber 12, 2017 incident began in August 2019. Therefore, the ATF was unaware that these five (5) cellphones were seized by law enforcement until that time.

## TECHNICAL TERMS

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

23. Wireless cellphone: A wireless cellphone (or mobile cellphone, or cellphone) is a handheld wireless device used for voice and data communication through radio signals. These cellphone send signals through networks of transmitter/receivers, enabling communication with other wireless cellphone or traditional "land line" cellphone. A wireless cellphone usually contains a "call log," which records the cellphone number, date, and time of calls made to and from the cellphone. In addition to enabling voice communications, wireless cellphone offer a broad range of capabilities. These capabilities include: storing names and cellphone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless cellphone may also include global positioning system ("GPS") technology for determining the location of the device.

24. Digital camera: A digital camera is a camera that records pictures as

digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

25. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

26. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

27. Based on my training, experience, and research, I know that these cellphone devices have capabilities that allow them to serve as a wireless cellphone,

9

digital camera, GPS navigation device, portable storage, and a tablet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

28. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

29. There is probable cause to believe that things that were once stored on the device may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Therefore, deleted files, or remnants of deleted files, may reside in

10

free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

30. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that

11

establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

> a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.
>
> b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

12

Case 2:19-mj-00912-NJ   Filed 09/16/19   Page 13 of 20   Document 1

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

31. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ

13

techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

32. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## ATTACHMENT A

**Property to Be Searched**

1. Five (5) cellphones listed under MPD inventory 17035263, Items 2-6. The aforementioned property can be described further as: Grey Samsung smartphone bearing serial number A3LSMJ327P (MPD Item 2), Grey Samsung cellular phone bearing serial number 707VTKE088197 (MPD Item 3), Grey LG cellular phone bearing serial number 707VTKE413229 (MPD Item 4), Black Kyocera flip cellular phone bearing serial number V65E4520 (MPD Item 5) and a Grey Samsung smartphone bearing serial number A3LSCHU680 (MPD Item 6).

## ATTACHMENT B

**Particular Things to be Seized**

1. All records on the five (5) cellphones listed under MPD inventory 17035263, Items 2-6 (Grey Samsung smartphone bearing serial number A3LSMJ327P (MPD Item 2), Grey Samsung cellular phone bearing serial number 707VTKE088197 (MPD Item 3), Grey LG cellular phone bearing serial number 707VTKE413229 (MPD Item 4), Black Kyocera flip cellular phone bearing serial number V65E4520 (MPD Item 5) and a Grey Samsung smartphone bearing serial number A3LSCHU680 (MPD Item 6)) related to violations of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to possess with the intent to distribute and distributing a controlled substance) and 18 U.S.C. § 922 (a)(6), lying and buying, including:

   a. lists of contacts with any identifying information;

   b. photographs, videos, or other media storage connected to drugs and firearms;

   c. types, amounts, and prices of drugs and firearms purchased/sold;

   d. any information related to sources or purchasers of drugs and firearms (including names, addresses, phone numbers, or any other identifying information);

   e. all bank records, checks, credit card bills, account information, and other financial records related to drug and firearms commerce.

2

2. Any and all financial records connected to the purchase/sale of firearms or drugs;

3. Documentation establishing the identity of the individuals in control of the residences;

4. Any and all financial records connected to the purchase/sale of firearms, and any correspondence regarding other firearms/drug sellers and/or purchasers;

5. Any evidence of firearm and illegal drugs or controlled substances, paraphernalia associated with controlled substances including scales and other weighing devices as well as packaging materials and containers used to package controlled substances;

6. Any evidence of proceeds of firearm and drug trafficking activities, including United States currency;

7. All bank records, checks, credit card bills, account information, and other financial records; financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds;

8. Lists of firearm and drug customers and related identifying information;

9. Personal address books, telephone bills, photographs, letters, personal notes, documents and other items or lists reflecting names, addresses, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in firearm and drug trafficking activities.

3

10. Any evidence of documents and deeds reflecting the purchase or lease of items obtained with the proceeds from firearm and drug trafficking activities;

11. Records of off-site locations to store proceeds and other records, including safes, vaults, or lock boxes, safe deposit box keys, records and receipts and rental agreements for storage facilities;

12. Records of mail and communications services, cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data.

13. Evidence of indicia of occupancy, residency or ownership of premises, including utility bills, telephone bills, loan payment receipts, addressed envelopes, escrow documents and keys.

14. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

15. Records evidencing the use of the Internet Protocol address, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.